UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER KNAPP,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | Case No. C11-1012-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Heather Knapp brought an action seeking review of the denial of her application for disability insurance by the Commissioner of the Social Security Administration. Dkt. 3. The parties stipulate the case should be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. Dkt. 20.

Upon remand, the Administrative Law Judge ("ALJ") will conduct a *de novo* hearing and offer plaintiff the opportunity to appear at the new administrative hearing. Plaintiff may testify, submit additional evidence, and make new arguments at the hearing. The ALJ shall make a new, full sequential disability evaluation, including re-evaluating plaintiff's impairments, credibility, residual functional capacity, and ability to perform work at steps four and five, as necessary. As part of this evaluation, the ALJ shall re-evaluate plaintiff's credibility and the residual functional capacity. The ALJ shall discuss and evaluate the lay witness questionnaire from the lay witness,

Trevar Telford, pursuant to Social Security Ruling 06-3p.  The ALJ shall re-evaluate plaintiff's ability to perform work at steps four and five, as necessary.  The ALJ shall take additional vocational expert testimony, as necessary, regarding whether plaintiff can meet the mental and physical demands of past relevant work and/or whether other work exists that she can perform. Regarding the determination whether plaintiff can perform her past relevant work, the ALJ shall address whether the work performed by plaintiff was substantial gainful activity for the purpose of establishing past relevant work.  When determining whether other work exists that plaintiff can perform, the ALJ shall obtain vocational expert evidence and consider whether such testimony/evidence is consistent with the Dictionary of Occupational Titles (DOT).  If not, the ALJ shall identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the DOT and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Having reviewed the pleadings and the administrative record, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings as set forth above. As the parties stipulate to remand, the Court recommends if this recommendation is adopted, that it be approved immediately.  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of November, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge